AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
12/29/21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| Deontay Albert Brown Sr. | ) | 3:21-mj-454 |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 28, 2021 in the county of Montgomery in the Southern District of Ohio, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 841(a)(1) & 841(b)(1)(B) | possession with intent to distribute 40 grams or more of a mixture or substance of containing a detectable amount of fentanyl, a Schedule II |
| 18 USC s. 922(g)(1) & 924(a)(2) | felon in possession of a firearm in and affecting commerce |

This criminal complaint is based on these facts:

See Attached Affidavit of Fred Zollers

☑ Continued on the attached sheet.

*Fred Zollers*
Complainant's signature

Fred Zollers, TFO of the FBI
*Printed name and title*

Sworn to by reliable electronic means -- namely, telephone.

Date: 12/29/21

Peter B. Silvain, Jr.
United States Magistrate Judge

City and state: Dayton, Ohio

## AFFIDAVIT

I, Frederick D. Zollers, being duly sworn, does hereby depose and state as follows:

## INTRODUCTION

1. I am a sworn law enforcement officer in the State of Ohio for fifteen (15) years. I am presently a sworn member of the Montgomery County Sheriff's Office. I am currently assigned to the Federal Bureau of Investigation's (FBI) Southern Ohio Safe Streets Task Force (SOSSTF) as a Task Force Officer (TFO). I have received training in drug trafficking investigations and have participated in numerous narcotics-related investigations. I have also conducted numerous investigations related to the use and possession of firearms. Based on my training and experience, I am familiar with federal drug laws, and I am aware that it is a violation of Title 21, United States Code, Sections 841(a)(1) and 846 to knowingly and intentionally distribute and possess with intent to distribute controlled substances (including heroin, fentanyl, cocaine, and methamphetamine), as well as to conspire to do the same. Further, I am familiar with federal firearms laws, and I am aware that possessing firearms in furtherance of a drug trafficking crime is a violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2. In addition, I am aware the possession of a firearm by a convicted felon is a violation of Title 18, United States Code, Section 922(g)(1).

## PURPOSE OF AFFIDAVIT

2. This Affidavit is submitted in support of a criminal complaint, and seeks the issuance of an arrest warrant against, Deontay Albert Brown Sr. (hereinafter "**BROWN**") for violations of 21 U.S.C. Sections 841(a)(1) & (b)(1)(B) (possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance) and 18 U.S.C. Sections 922(g)(1) & 924(a)(2) (being a felon in possession of a firearm).

1

3. Along with other law enforcement agents, I have participated in the investigation of **BROWN** in connection with the conduct detailed in this Affidavit. As part of the investigation, I have, among other things, discussed information with, and/or reviewed documentation and reports provided by, other law enforcement officers. My knowledge of the facts and circumstances set forth in this Affidavit is thus based upon my own personal observations, as well as information I have received from other law enforcement officers involved in the investigation. For purposes of this Affidavit, I have not distinguished between information of which I have direct knowledge and that of which I have indirect knowledge.

4. I have elected not to include in this Affidavit all the factual details gathered to date during the investigation, but rather I have included only certain information sufficient to establish probable cause to believe that **BROWN** has committed a violations of 21 U.S.C. Sections 841(a)(1) & (b)(1)(B) (possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance) and 18 U.S.C. Sections 922(g)(1) & 924(a)(2) (being a felon in possession of a firearm).

## SUMMARY OF PROBABLE CAUSE

5. During the week of December 20, 2021, I received an anonymous tip through Miami Valley Crime Stoppers regarding drug activity occurring at 3635 Dandridge Avenue, Dayton, Ohio. The tip identified **BROWN** as the resident of 3635 Dandridge Avenue. I am familiar with **BROWN** from previously arresting **BROWN** for drug trafficking and weapon possession violations resulting from a drug trafficking investigation I conducted during February and March of 2016 occurring in the City of Dayton, Montgomery County, Ohio.

6. During the investigation conducted in February and March of 2016, I executed a state search

warrant at a "stash-house" utilized by **BROWN** to store and distribute narcotics. During execution of the search warrant on March 11, 2016, **BROWN** was located and arrested inside the "stash-house." Two handguns, drug paraphernalia including gel capsules and a quantity of cocaine were located and seized pursuant to the search warrant. At the time of the 2016 investigation, **BROWN** was on supervised released through the Ohio Adult Parole Authority for state drug trafficking convictions. Following **BROWN's** arrest on March 11, 2016, Brown was sentenced to a term of imprisonment for violating his parole conditions.

7. In addition to the investigation I conducted in 2016, I'm aware of a drug trafficking investigation involving **BROWN** that was conducted by members of the Miami County Sheriff's Office during the summer of 2018. As a result of 2018 investigation, **BROWN** was indicted through the Common Pleas Court of Miami County, Ohio on multiple counts of felony drug trafficking. Notably, I arrested **BROWN** on that indictment as he left the 3635 Dandridge Avenue, Dayton, Ohio residence in September 2019. On or about April 20, 2020, **BROWN** pled guilty to four counts of F4 drug trafficking and one count of F5 drug trafficking. **BROWN** was sentenced to a term of imprisonment for seventeen months at the Ohio Department of Rehabilitation and Corrections. **BROWN** was released from the Ohio Department of Rehabilitation and Corrections in July of 2021.

8. After receiving the Miami Valley Crime Stoppers tip, I began investigating **BROWN** and the residence of 3635 Dandridge Avenue. For instance:

    a. I searched law enforcement databases and confirmed that **BROWN** carries 3635 Dandridge Avenue as his residence. While conducting surveillance at 3635 Dandridge Avenue during December 2021, I observed **BROWN** enter and exit the front door of the residence multiple times.

      b. Additionally, on or about December 21, 2021, I conducted a trash pull at 3635 Dandridge Avenue. The discarded trash was collected from a trash container that was placed on the roadside in front of the residence. I searched through the discarded trash that was inside of one large trash bag that was removed from the trash container. I located seven (7) sandwich size clear plastic baggies that were heavily coated with a white powder residue on the inside of the baggies as well as several documents in **BROWN's** name with the listed address of 3635 Dandridge Avenue. (Those items included a Spectrum bill dated for December 8, 2021 in **BROWN's** name for the address of 3635 Dandridge Avenue). A sample of the white powdery residue from one of the seven baggies was field tested utilizing a MX908 device. The field test indicated positive for the presence of fentanyl.

      c. During the aforementioned surveillance, I also observed several security cameras on the Dandridge residence. Based on training and experience, I know that drug traffickers commonly use surveillance cameras on locations where drugs are stored, processed and distributed.

9. On or about December 23, 2021, I obtained a state search warrant for 3635 Dandridge Avenue from Judge Richard Skelton of Montgomery County Common Pleas Court on December 23, 2021. On December 28, 2021, members of the FBI SOSSTF, members of the RANGE Task Force and I conducted surveillance and executed the search warrant at 3635 Dandridge Avenue. Task force members observed **BROWN** exit and depart the residence driving a blue Chevrolet Truck. Task force members stopped and detained **BROWN** and discovered with him the keys to the Dandridge residence. Officers executed the search warrant at 3635 Dandridge Avenue, using the keys obtained from **BROWN** to enter the residence. Upon entering the house, officers discovered only two bedrooms – one that appeared to belong to a teenage girl and a second, main bedroom that

contained men's clothing. Given that **BROWN** had the keys to this location, I conclude that he had dominion and control over the Dandridge residence, including the items discovered within it.

10. Pursuant to the search warrant, task force members searched the residence and located items including but not limited to: a Taurus handgun, drug processing equipment and quantities of suspected crack cocaine and fentanyl. Specifically:

    a. Task force members located a box of sandwich baggies in a kitchen cabinet above the stove. The box of sandwich baggies contained a baggie of suspected crack cocaine and a baggie of suspected fentanyl. Task force members located drug processing equipment in the kitchen, including but not limited to: a digital scale with suspected drug residue, a bag of un-used gel capsules, a blender base with suspected drug residue and a Pyrex glass with suspected drug residue. Task force members located a Clorox bottle with a false bottle hidden compartment in the kitchen cabinet below the sink. The Clorox bottle contained four plastic baggies of suspected fentanyl. The four plastic baggies had a total approximate field weight of 101 grams. Task Force Officer Tyler Simpson and I utilized an MX908 device to field test a sample from two of the four baggies located in the Clorox bottle. One of the samples field tested positive for a mixture of Fentanyl and Methylenedioxy-Methamphamine (also known as MDMA). The other sample field tested positive for Acetylfentanyl. Based on training and experience, I know the quantities of suspected fentanyl and crack cocaine located inside 3635 Dandridge Avenue are distribution quantities.

    b. The handgun was located in a living room closet. The handgun was a semi-automatic 9mm Taurus, model G2C, with serial number TLR70378. The handgun was loaded with one 9mm bullet in the chamber and eleven 9mm bullets in the magazine. Based on training and experience, I know that drug traffickers possess firearms to protect their drugs and drug

proceeds.

    c. Task force members also located in the house a City of Dayton Utility billing statement in **BROWN's** name addressed for 3635 Dandridge Avenue with an invoice date of December 14, 2021.

11. Law enforcement Mirandized **BROWN**. **BROWN** indicated that he probably needed a lawyer but that he was prepared to "man up" and own up to what was his, or words to that effect. Officers booked **BROWN** into a local jail on December 28, 2021.

12. Following his booking, **BROWN** placed several calls through the jail's phone system, which are recorded. During one of the calls, **BROWN** advised a woman with whom he was speaking that it was real this time and that he was looking at seven to eight years in prison. Based on my training and experience, I believe that **BROWN** was acknowledging his culpability for the drugs and firearm recovered from the house.

13. I subsequently spoke with Special Agent (SA) Chris Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who has training and experience in determining the place of manufacture for firearms and ammunition. SA Reed advised the Taurus handgun was manufactured outside the state of Ohio, thus moved in interstate commerce.

14. Based on a review of **BROWN's** criminal history, I know that **BROWN** has prior felony convictions (each punishable by greater than one year imprisonment):

    a) on or about April 5, 2005, in Montgomery County, Ohio Common Pleas Court, case number 2004CR02627, for F1 "Possession of Cocaine."

    b) on or about October 14, 2010, in Butler County Common Pleas Court, case number 2009CR01816, for F5 "Trafficking in Drugs," F2 "Trafficking in Drugs," and F5 "Trafficking in Drugs."

    c) on or about April 20, 2021, in Miami County Common Pleas Court, case number 19CR455, for four counts of F4 "Trafficking in Drugs," and one count of F5 "Trafficking in Drugs."

I know that **BROWN** served more than one year imprisonment on one or more of the above-referenced convictions. As such, **BROWN** knew that he was a felon.

15. Based on the facts set forth in the Affidavit, there is probable cause to believe that, on or about December 28, 2021, in the Southern District of Ohio, **BROWN** committed a violation of 21 U.S.C. Sections 841(a)(1) & (b)(1)(B) (possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance) and 18 U.S.C. Sections 922(g)(1) & 924(a)(2) (being a felon in possession of a firearm).

Further your Affiant sayeth naught.

*Fred Zollers*
_____
Frederick D. Zollers, Task Force Officer
Federal Bureau of Investigation
Southern Ohio Safe Streets Task Force

Subscribed and sworn to before me this __29th__ day of December, 2021.

_____
Peter B. Silvain, Jr.
United States Magistrate Judge

7